# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL STORM**
        **Petitioner,**

v.                                                   **Case No. 14-C-0405**

**UNITED STATES OF AMERICA and**
**UNITED STATES PAROLE COMMISSION,**
        **Respondents.**

## ORDER

Pursuant to 28 U.S.C. §§ 2241 and/or 1651, petitioner Daniel Storm petitions for relief from a sentence imposed in the North District of Illinois in 1987. In that case, following his conviction on drug charges, the court sentenced petitioner to a total of 10 years in prison, 5 years probation consecutive to the prison terms, and a special parole term of life. United States v. Rollins, 862 F.2d 1282, 1286-87 (7th Cir. 1989).

In 1989, petitioner was convicted of tax evasion and dealing firearms without a license in this district, receiving two consecutive five-year prison terms. United States v. Slaughter, 900 F.2d 1119, 1120 (7th Cir. 1990). In 2004, he was convicted of conspiracy to distribute marijuana in this district, receiving a sentence of 79 months' imprisonment followed by five years of supervised release. (Case No. 03-CR-143, R. 79.) He completed that prison sentence in 2009,[1] but in 2012 the court revoked his supervised release and imposed a prison sentence of 18 months with no supervised release to follow. (Case No. 03-CR-143, R. 152.)

---

[1] In 2010, petitioner filed a § 2241 petition challenging the government's attempts to collect on a fine imposed in the 1987 case. In response, the government indicated that it had closed its collection file, mooting the case.

Also in 2012, petitioner filed a Fed. R. Crim. P. 35(a) motion in the Northern District of Illinois challenging the 1987 sentence. Specifically, he argued that the term of probation he received in that case had expired and could no longer enforced, and that the special parole term of life was not statutorily authorized for his offense. Under the version of Rule 35(a) applicable to petitioner's case, an "illegal sentence" may be corrected at any time, see United States v. Boyd, 591 F.3d 953, 956 (7th Cir. 2010), but the court denied petitioner's claims on the merits. United States v. Storm, No. 12-C-1744 (N.D. Ill. Nov. 30, 2012) (Memorandum Opinion and Order).

In the instant application, petitioner indicates that he remains under the supervision of the Parole Commission in this district pursuant to the 1987 sentence. He argues that (1) the imposition of the special parole term was unlawful; (2) the Commission failed to give him a release date, as required by the Sentencing Reform Act; (3) the Commission improperly imposed a new financial monitoring condition; (4) the special parole term violates the Fifth Amendment, as it was not plead in the indictment; (5) the period of probation imposed in the 1987 case has expired and cannot be enforced; and (6) he received ineffective assistance of counsel in the 1987 case.

Section 2241 allows a defendant to challenge the execution of his sentence, including the fact or duration of confinement, in the district in which he is confined; challenges to the validity of the underlying sentence, on the other hand, generally must be brought in the district of conviction under 28 U.S.C. § 2255. See, e.g., Hill v. Werlinger, 695 F.3d 644, 647 (7th Cir. 2012); Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003); Walker v. O'Brien, 216 F.3d 626, 629 (7th Cir. 2000); Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998). In the parole context, the Seventh Circuit has held that § 2241 may be used to challenge the Commission's

2

improper refusal to terminate supervision, Valona, 138 F.3d at 695, but not to challenge a sentencing court's parole determination, Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999).

Petitioner's first, fourth, and sixth claims appear to challenge the validity of the underlying sentence, rather than its execution.[2] However, because such claims may sometimes be brought under § 2241, see 28 U.S.C. § 2255(e), and because the other claims appear related sentence execution, I will direct the government to respond to the petition.[3]

**THEREFORE, IT IS ORDERED** that the government file a response on or before **June 5, 2014**.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2014.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2]The first and fifth claims also appear to duplicate the contentions rejected in the 2012 Rule 35 proceeding in the Northern District of Illinois.

[3]Petitioner also cites § 1651, the All Writs Act, which allows courts to grant writs of error coram nobis to defendants no longer in custody. See Chaidez v. United States, 655 F.3d 684, 687 (7th Cir. 2011), aff'd, 133 S. Ct. 1103 (2013). However, it appears that petitioner remains in custody for purposes of § 2241. See Valona, 138 F.3d at 695 ("Parole is a form of 'custody', so it is proper to use § 2241 to contest its continuation[.]").