# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL STORM**
        **Petitioner,**

    v.                                            Case No. 14-C-0405

**UNITED STATES OF AMERICA and
UNITED STATES PAROLE COMMISSION,
        Respondents.**

## ORDER

Petitioner Daniel Storm filed a habeas corpus petition under 28 U.S.C. § 2241 seeking relief from a 1987 sentence out of the Northern District of Illinois in which the court, inter alia, imposed a special parole term of life. See United States v. Rollins, 862 F.2d 1282, 1286-87 (7th Cir. 1989). In 2012, petitioner filed a Fed. R. Crim. P. 35(a) motion in the Northern District of Illinois challenging the 1987 sentence, arguing that the special parole term of life was not statutorily authorized. The district court denied his motion on the merits, United States v. Storm, No. 12-C-1744 (N.D. Ill. Nov. 30, 2012) (Memorandum Opinion and Order), and the Seventh Circuit dismissed his appeal.

Petitioner currently resides in the Eastern District of Wisconsin, and the Parole Commission supervises him through a probation officer from the U.S. Probation Office for this district. In the instant § 2241 petition, he argues that (1) the imposition of the special parole term was unlawful; (2) the Commission failed to give him a release date, as required by the Sentencing Reform Act ("SRA"); (3) the Commission improperly imposed a new financial monitoring condition; (4) the special parole term violates the Fifth Amendment, as it was not plead in the indictment; (5) a separate period of probation imposed in the 1987 case has

expired and cannot be enforced; and (6) he received ineffective assistance of counsel in the 1987 case.

I screened the petition and directed the government to respond. In that response, the government argued that venue is not proper in this district. The government indicates that petitioner's supervision from the Northern District of Illinois has not been transferred to this district; rather, because he currently lives in the Eastern District of Wisconsin, he is supervised by a probation officer from this district as a matter of convenience. The Northern District of Illinois, the government contends, retains jurisdiction over this matter, and any challenge to the sentence imposed by the Northern District of Illinois must be brought in that district. The government did not address the merits of petitioner's claims regarding the execution of his sentence.

In reply, petitioner asserts that the case is properly heard in this district, although he, like the government, cites no authority regarding the proper venue for a challenge to the Parole Commission's execution of the sentence of a defendant conditionally released to the community. Parole is a form of "custody," the continuation of which may be challenged under § 2241.[1] Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998). Section 2241 actions generally must be brought in the district of confinement, that is, the district having personal jurisdiction over the petitioner's custodian; when the petitioner is confined, the custodian is the warden. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). Here, petitioner's custodian appears to be the Parole Commission, which retains "jurisdiction" over this pre-SRA

---

[1] The reference in § 2241 to the district courts' "respective jurisdictions" pertains to venue and personal jurisdiction, not subject matter jurisdiction. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004).

2

case. See Valona, 138 F.3d at 695. The Commission acts through probation officers in this district, and the government makes no claim that all challenges to the Parole Commission's execution of a sentence must be brought in the District of Columbia, where the Commission is located. The government is correct that petitioner's challenges to the imposition of his sentence must be brought in the Northern District of Illinois, see Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999), but I cannot agree that challenges to the execution of that sentence must also be brought there. Petitioner no longer resides in that district, and the sentencing court would appear to have no further role in managing his case.[2]

As indicated in the screening order, petitioner's first, fourth, and sixth claims challenge the validity of the underlying sentence, rather than its execution. The first claim also duplicates a contention rejected in the 2012 Rule 35 proceeding in the Northern District of Illinois. Petitioner provides no basis for (re)litigating those issues in this court under § 2241. Accordingly, those claims will be dismissed. However, I will direct the respondents to answer petitioner's remaining claims regarding sentence execution on the merits.

Finally, petitioner seeks the issuance of a restraining order barring any further

---

[2]The government indicates that the Northern District of Illinois retains jurisdiction over this matter, and that petitioner's supervision has not been transferred from that district to this one. As indicated in the text, I agree that challenges to the underlying sentence belong in Illinois. However, this is not a post-SRA case, where the court retains post-judgment jurisdiction to revoke or modify conditions, 18 U.S.C. § 3583(e), or transfer the case to another district, 18 U.S.C. § 3605. Rather, it is the Parole Commission that retains such authority. See 28 C.F.R. § 2.40, revised, 79 FR 51254. It is unclear whether petitioner, in addition to the special parole term of life, is also on "probation" arising out of the 1987 case. Petitioner said very little about this issue in his petition (R. 1-1 at 37), and his more recent filings complain about the Parole Commission and its amendment of his conditions. He gives no indication that the District Court for the Northern District of Illinois, which would retain a role if he were still on probation arising out of the 1987 case, see Knight v. United States, 73 F.3d 117, 120 (7th Cir. 1995) ("The judiciary manages probation, while authority over parole is wielded under the Constitution by the executive branch."), has taken any action.

3

supervision pending final resolution of the case. In order to obtain such preliminary relief, petitioner must demonstrate a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm absent the injunction. E.g., Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health, 699 F.3d 962, 972 (7th Cir. 2012). Because preliminary injunctive relief is an extraordinary and drastic remedy, the movant must make a clear showing demonstrating entitlement to relief. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Absent a response on the merits from the respondents, it is difficult to fully evaluate petitioner's likelihood of success. However, I find that at this point petitioner has failed to show irreparable harm. In his latest filing, petitioner admits that, at least prior to the Commission's recent decision to require 60 days of location monitoring as a sanction for an alleged violation, parole represented a de minimus restriction of his liberty.[3] Maintaining the status quo pending a determination on the merits will cause him no irreparable harm.

**THEREFORE, IT IS ORDERED** that petitioner's motions for a temporary restraining order (R. 5, 8) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's first, fourth, and sixth claims are **DISMISSED**.

**FINALLY, IT IS ORDERED** that the respondents file a response on the merits of the remaining claims on or before **September 29, 2014**.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[3] Petitioner recently filed a separate habeas action, Case No. 14-C-1037, challenging that modification, which is also assigned to me. I issue a separate order in that case today.