UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL STORM,

    Petitioner,

                                        Case No. 14-cv-405-pp

v.

UNITED STATES PAROLE COMMISSION,

    Respondent.

**DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING AS MOOT PETITIONER'S MOTIONS FOR DISCOVERY (Dkt. No. 21) AND FOR HABEAS RELIEF *INSTANTER* (Dkt. No. 22)**

Petitioner Daniel Storm, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. §2241, seeking relief from sentence imposed pursuant to his 1987 conviction in the Northern District of Illinois.[1] That sentence included, among other things, a life term of special parole. Judge Adelman, to whom this case was assigned before it was transferred to the court, dismissed three of Storm's claims because they attacked the sentence's validity, rather than its execution, and were not properly brought under §2241.

---

[1] Previously, Storm filed a habeas petition under §2241, challenging the United States Parole Commission's decision to impose a 60-day period of home confinement with location monitoring and seeking injunctive relief to prevent the United States Probation Office from attempting to enforce that condition. Storm v. United States Parole Commission, No. 14-cv-1037 (E.D. Wis.). The court denied that petition in an order dated May 18, 2015. No. 14-cv-1037, Dkt. No. 30.

Dkt. No. 9. Judge Adelman directed the government to respond to Storm's remaining three claims (claims two, three and five), which he concluded attacked the way in which Storm's sentence is being carried out. Id. at 3.

Storm's three surviving claims challenge (1) the Parole Commission's "failure" to set his final parole release date; (2) the Parole Commission's decision to modify the terms of his special parole by adding a financial disclosure condition; and (3) a separate four-year period of probation, which Storm contends has expired and cannot be enforced. For the reasons explained below, the court denies the petition. The court also denies as moot the petitioner's February 19, 2015, renewed motion for discovery and his May 14, 2015 motion for habeas relief *instanter* (Dkt. No. 22) or motion to compel production (Dkt. No. 21).

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1987, the petitioner was convicted on federal drug trafficking charges in the Northern District of Illinois. No. 12-C-1744, 2012 WL 5996223, at *1 (N.D. Ill. Nov. 30, 2012). He was sentenced to ten years in prison, five years of probation, a $250,000 fine, and a life term of special parole. Id. In 1989, the petitioner was convicted of dealing in firearms and attempted income tax evasion in the Eastern District of Wisconsin. Dkt. No. 14-3, at 4-5. He was sentenced to five years in prison on both counts. Id. at 16. The Wisconsin sentences were to run consecutive to each other and to the ten year sentence imposed in Illinois, resulting in a total of twenty years of incarceration. Id. at 17.

The petitioner was paroled on December 27, 1992.  Id. at 32.  He was to remain on parole supervision through January 28, 2006, after which his special life parole term would begin.  Id. at 19, 22.  The Parole Commission, however, revoked the petitioner's parole in 1997.  Id. at 23-24.  In 2001, the Parole Commission granted the petitioner re-parole.  Id. at 19.  In 2003, his parole again was revoked again for parole condition violations and for a new criminal offense – possession with intent to distribute marijuana.  Id. at 32.  The petitioner again was released on parole in 2009, and, at the same time, he was placed on supervised release related to his marijuana conviction.  Id. at 28, 32.

On March 14, 2012, United States Probation Officer Patty Savasta informed the Parole Commission that the petitioner had violated the terms of his supervised release.  Id. at 31-38.  Judge Clevert sentenced the petitioner to serve eighteen months in prison.  Id. at 38.  The Parole Commission took no separate action as to the petitioner's parole at that time.  Id. at 40.  The petitioner completed his regular parole term on November 29, 2013, and then began serving his life term of special parole.  Id.

On February 11, 2014, Officer Savasta informed the Parole Commission that the petitioner had violated several terms of his parole, including failing to provide certain financial information as part of his monthly reporting.  Id. at 39-42.  She informed the Parole Commission that the petitioner allegedly had entered into a contract with a production company to produce a movie based on a book he had written, but that he had not provided evidence of the

3

contract. Id. at 41. The petitioner also had asked to travel outside of the district and to transfer his residence to Florida in connection with the movie production. Id. In response to this information, and in light of the petitioner's criminal history, Officer Savasta asked the Parole Commission to modify the petitioner's parole to include a financial reporting condition requiring the petitioner to provide her with access to his financial information, including his state and federal tax returns and to submit monthly financial reports. Id. The petitioner objected to the proposed condition.

The Parole Commission ordered the petitioner's parole to be modified to include the financial reporting condition, and to require him to provide proof that he was meeting all IRS obligations. Id. at 43. The new condition provided:

> In addition, you shall make a full and complete disclosure of your financial and business activities, as required by the U.S. Probation Office. You shall submit to an audit of your personal and business financial records, as requested by your U.S. Probation Officer. In addition, you shall comply with all IRS reporting and financial obligations and provide proof of meeting all IRS obligations to your U.S. Probation Officer as requested.

Id. at 43.

The petitioner appealed to the Parole Commission's National Appeals Board. The Board affirmed the Parole Commission's action, stating:

> Based upon your record of committing fraud and deception, the National Appeals Board finds that this special condition is needed to protect the public from further crimes by you, to provide adequate supervision, and it is reasonably related to your characteristics and criminal history.

4

Id. at 44. Following the Board's decision, the petitioner filed the §2241 petition currently under review.

The petition contained six claims: (1) the imposition of the life term of special parole was unlawful; (2) the Parole Commission failed to give him a release date, as required by the Sentencing Reform Act; (3) the Parole Commission improperly imposed the financial disclosure condition; (4) the life term of special parole term violated the Fifth Amendment, because it was not pleaded in the indictment; (5) a separate four-year period of probation imposed in the 1987 Northern District of Illinois case had expired and could not be enforced; and (6) the petitioner received ineffective assistance of counsel in the 1987 case.

In both his May 5, 2014 screening order and his August 29, 2014 order of dismissal, Judge Adelman determined that claims one, four and six of the petitioner's complaint attached the conviction and/or the validity of the sentence imposed pursuant to the petitioner's 1987 conviction, and so did not provide grounds for federal habeas relief. Dkt. Nos. 2, 9. He found that claims two, three and five should proceed because they attacked only the execution of that sentence, a proper ground for habeas relief. Id. Judge Adelman directed the government to respond to claims. Dkt. No. 9. The government filed its response to those claims on October 29, 2014. Dkt. No. 14. Subsequently, on June 10 and December 18, 2014, Storm filed motions seeking discovery from the Parole Commission. Dkt. Nos. 4, 19. Judge Adelman denied both motions. Dkt. Nos. 9, 20.

5

On December 29, 2014, the case was reassigned to Judge Pepper. On February 21, 2015, Storm again renewed his motion for discovery. Dkt. No. 21. On May 20, 2015, he moved for an order granting habeas relief instanter or (again) seeking discovery from the Parole Commission. Dkt. No. 22. For the reasons explained below, the court denies Storm's habeas petition, and denies as moot his motion to compel production of documents and his motion for habeas relief instanter or for discovery.

**II.   ANALYSIS**

The petitioner's special parole status is a form of custody for purposes of §2241. Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989). Because the petitioner is challenging the Parole Commission's modification of the terms of his parole to include a financial disclosure condition, he is challenging the manner in which his sentence is carried out, not the imposition of his sentence. For that reason, §2241 is the correct statute under which he should proceed. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) (§2241 is "usually reserved for attacking the execution, not [the] imposition, of a sentence").

Judicial review of Parole Commission action is "extremely narrow and limited to determining whether the Parole Commission acted arbitrarily or capriciously." Romano v. Baer, 805 F.2d 268, 270 (7th Cir. 1986) (citation omitted). Title 18 U.S.C. §4209(d)(1) gives the Parole Commission the authority to modify conditions of parole, either on its own motion or on the motion of a

6

probation officer.² The law requires that parole conditions must reasonably relate to the nature and circumstances of the violations and the history and characteristics of the parolee. 18 U.S.C. §4209(a)(1)-(2). Section 4209(b) provides that "[t]he conditions of parole should be sufficiently specific to serve as a guide to supervision and conduct . . . . An effort shall be made to make certain that the parolee understands the conditions of his parole."

The attachments to Storm's petition show that he is challenging the Parole Commission's alleged "failure" to set his final parole release date, and its decision to impose a special financial disclosure condition. He also argues that his four-year term of probation, imposed consecutive to his term of incarceration, expired and cannot be enforced. See generally, Dkt. No. 1-1 at 10-37. As explained below, none of the petitioner's claims have merit.

> A. The Petitioner's Challenge to the Parole Commission's Failure to Set a Final Parole Release Date Fails Because the Parole Commission Is Not Yet Obligated to Set Such a Date.

In claim two of his petition, the petitioner argues that, under §235(b) of the Sentencing Reform Act, the Parole Commission is required to give him a final parole release date. He argues that his release date should have been set within five years of the original effective date of the Act—November 1, 1987.

---

² When the Sentencing Guidelines went into effect in 1987, and replaced parole with supervised release, Congress took steps to phase out the concept of parole. Congress repealed 18 U.S.C. §§4201-4218 in the Sentencing Reform Act of 1984, Title II, ch. II, of Pub. L. No. 98-473, §218(a)(5), 98 Stat. 1837, 2027, but has repeatedly extended the life of the Parole Commission and the parole statutes to continue monitoring individuals, like the petitioner, who were sentenced for offenses committed before November 1, 1987 and who remain on federal parole. See e.g., U.S. Parole Comm'n Extension Auth. Act of 2013, Pub. L. No. 113-47, 127 Stat. 572. Most recently, Congress extended parole through October 31, 2018. Id.

7

The Parole Commission, however, is not required to set a final parole release date for the petitioner, because the Parole Commission is not within three months of its dissolution date.

> 1. *The Petitioner Remains Subject to the Life Term of Special Parole Imposed in the Northern District of Illinois.*

As a threshold matter, the court addresses the petitioner's contention that his life term of special parole already expired and no longer can be enforced. According to the petitioner, his special parole term began to run when he was originally released from prison in connection with his 1987 Illinois conviction, and "ran concurrent with any other term of supervision." Dkt. No. 1-1, at 29. He claims that, when he was released in 2009 after his 2003 re-arrest and imprisonment in Wisconsin, "there could be no further term of special parole," because his release "effectively terminated any further postsentencing supervision from the Chicago case." Id. at 29, 33.

The petitioner's argument depends on the incorrect premises that (1) his special parole term ran concurrently with any form of supervision imposed pursuant to his 1987 Illinois conviction; (2) his 2003 Wisconsin conviction constituted "violations" of his special parole term; and (3) the Parole Commission's decision to release him from incarceration in 2009 "effectively terminated any further postsentencing supervision from the Chicago case." Dkt. No. 1-1, at 31-34. This argument fails for two reasons.

First, the petitioner was sentenced to a *life* term of special parole, which does not expire during his life absent some additional action that terminates the special parole term. Second, the petitioner's life term of special parole did

8

not begin to run until November 19, 2013, after his other sentences of incarceration, parole, and supervised release expired.  E.g., Matamoros v. Grams, 706 F.3d 783, 786 (7th Cir. 2013) (special parole is "entirely different from and in addition to ordinary parole, as it *follows* the completion of ordinary parole and subjects the defendant to reincarceration during the entire special parole term if its conditions are violated.") (citing United States v. Bridges, 760 F.2d 151, 155 (7th Cir. 1985)).  The petitioner's term of special parole did not begin to run until late 2013, at the conclusion of his other terms of incarceration and post-release supervision.  For that reason, the petitioner's 2003 conviction was not a violation of his special parole term (because it had not yet started to run), and his 2009 release from prison did not represent a decision by the Parole Commission to terminate further post-release supervision related to the 1987 Illinois conviction.

> 2. *The Parole Commission Is Not Required to Set a Final Release Date for the Petitioner, Because the Commission Is Not in the Final Three Months of its Existence.*

"When Congress abolished parole as part of the Sentencing Reform Act, it also planned for the eventual sunset of the Parole Commission, which initially was to occur five years after the effective date of the new sentencing law." Reliford v. Veach, 258 F. App'x 898, 900 (7th Cir. 2007).  Section 235(b)(3) is part of the Act's sunset provisions, and it provides:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline.  A release date set pursuant to this

9

> paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Sentencing Reform Act, §235(b)(3), 98 Stat. 1837, 2032. As the petitioner points out, §235 applies "to offenses committed before the [Act]'s effective date, which includes" the petitioner. Lyons v. Mendez, 303 F.3d 285, 288 (3d Cir. 2002) (emphasis omitted).

In Reliford, the Seventh Circuit agreed with the district court's conclusion "that § 235(b)(3) has never vested Reliford with a right to be released within his parole guideline range, nor does it require that he be paroled by any certain date." Id. at 901 (citing Skowronek v. Brennan, 896 F.2d 264, 268–69 (7th Cir. 1990)). Instead, §235(b)(3) requires the Parole Commission to set release dates before the Parole Commission is abolished. Id. In Plummer v. Marberry, 411 F. App'x 893 (7th Cir. 2011), the Seventh Circuit explained that, "until the Commission approaches the final three months of its life, it is not required to set *any* release date for" a prisoner under §235(b). Id. at 895 (citing Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 248–49 (3d Cir. 2008) and Bledsoe v. United States, 384 F.3d 1232, 1236–37 (10th Cir. 2004)). Instead, §235(b)(3) is simply a "winding-up" provision that ensures the Parole Commission will "set release dates before" the Parole Commission's eventual (but repeatedly delayed) dissolution renders that "impossible." Del Raine v. Daniels, 462 F. App'x 793, 796 (10th Cir. 2012) (citing Bledsoe, 384 F.3d at 1233–34). As noted earlier, Congress recently extended the Parole

10

Commission's life through October 31, 2018. Thus, the Parole Commission is not yet required to set a final release date for the petitioner (or any other individual subject to the parole laws).

> B. The Petitioner's Challenge to the Parole Commission's Imposition of the Financial Disclosure Condition Fails Because the Condition is Reasonably Related to the Petitioner's Established Violations and his History and Characteristics.

In claim three, the petitioner challenges the Parole Commission's decision to impose a special condition of financial disclosure as "vague, arbitrary, capricious," and "tantamount to a resentencing." Dkt. No. 1-1 at 35. According to the petitioner, this condition lacks any relationship to his 1987 conviction and was imposed because the Parole Commission is on a "fishing expedition" to find out more about the petitioner's successful writing career. Id. at 35-36. He further contends that the condition violates the privacy rights of the company that owns the rights to his work (a company which Storm apparently owns)[3], and that it is vague and overbroad because it calls for an audit but does not "clearly define who shall pay for this audit, who shall perform it, how often this shall occur, and what documents this audit requires." Id. at 36. Notably, he provides no indication that he attempted to resolve his questions about the scope of the condition with Officer Savasta at any time.

The petitioner's challenge fails, because the Parole Commission is statutorily authorized to modify the conditions of the petitioner's parole, the

---

[3] Habeas corpus allows a petitioner to challenge sentence that violated his right. It does not provide any private right of action for corporate or business entities.

11

Parole Commission's decision was reasonably related to the violations established in the Parole Commission's written hearing process and the petitioner's history of violations, and the financial disclosure condition is not so vague or overbroad as to be unenforceable.

> *1. The Parole Commission Had a Rational Basis for Adding the Financial Disclosure Condition to the Petitioner's Parole Conditions.*

Section 4209 "gives the Parole Commission a certain amount of discretion in tailoring the parole conditions to particular offenders." Walrath v. Getty, 71 F.3d 679, 683 (7th Cir. 1995). When a habeas petitioner challenges a Parole Commission's decision, the district court's "'inquiry is not whether the Commission is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'" Id. at 684 (quoting Hanahan v. Luther, 693 F.2d 629, 632 (7th Cir. 1982)).

In this case, the condition requires the petitioner to (1) disclose to Officer Savasta his financial and business activities, (2) submit to an audit of his personal and business financial records, (3) comply with his IRS reporting and financial obligations, and (4) provide proof to Officer Savasta that he is complying with his IRS obligations. The petitioner has an extensive criminal history, which includes convictions for drug trafficking, possession with intent to distribute drugs, and attempted income tax evasion. Further, several of the

12

petitioner's supervised release and parole violations, as described by Officer Savasta, involve "fraudulent behavior."  Dkt. No. 14-3, at 41.

The court concludes that the Parole Commission had a rational basis for adding the financial reporting condition after learning of the petitioner's purported movie production, his requests to travel throughout the United States related to the production, and his (or his business's) plan to buy one or two homes in Florida.  Officer Savasta directly linked her request for the financial disclosure condition to Storm's history and characteristics.  In her letter to the Parole Commission, Officer Savasta wrote: "[g]iven Mr. Storm's prior history for fraudulent behavior and obtaining goods and services through fraudulent means, it is the position of the U.S. Probation Office that he provide the requested verification of the movie production and the money that will be used to purchase residences."  Id.

The Parole Commission added the financial disclosure condition.  The petitioner appealed.  The National Appeals Board rejected the petitioner's appeal, stating:

> Based upon your record of committing fraud and deception, the National Appeals Board finds that this special condition is needed to protect the public from further crimes by you, to provide adequate supervision, and it is reasonably related to your characteristics and criminal history.  The Board finds no merit to your claim that this condition of parole will infringe on privacy rights.  Your request for a hearing to reconsider the Commission's decision is denied and the special condition is affirmed.

Id. at 44.  The petitioner characterizes this additional condition as a "resentencing, without representation," but that is not accurate.  The Parole

Commission exercised its statutory discretion to modify the conditions of the petitioner's parole upon Officer Savasta's request. The petitioner had an opportunity to object and oppose the condition, which he did. Ultimately, the National Appeals Board affirmed the Parole Commission's initial decision.

Under these circumstances, the Parole Commission's decision to add the financial disclosure condition was not arbitrary or capricious. Accordingly, the court concludes that the petitioner is not entitled to relief through a §2241 petition, because the modification of his parole to include that condition does not "violate the Constitution or laws and treaties of the United States."

### 2. *The Financial Disclosure Condition Is Not Unconstitutionally Vague on its Face or Overbroad*

The court further concludes that the financial disclosure condition is not unconstitutionally vague on its face or overbroad. Under §4209(b), the conditions of parole "should be sufficiently specific to serve as a guide to supervision and conduct." Based on the petitioner's argument that he does not understand the scope of the "audit" called for by the condition and the definitional issues he raised with regard to certain of the condition's terms, the court interprets the petition as presenting a facial challenge to the financial reporting condition, as well as the scope of the condition.

As the Seventh Circuit has recognized (and the petitioner himself has cited), "[t]he requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding." United States v. 2600 State Drugs, Inc., 235 F.2d 913, 916, (7th Cir. 1956) (quoting Sproles v. Binford, 286 U.S. 374, 393, 52 S.

14

Ct. 581, 587 (1932)); see Dkt. No. 1-1, at 36. In the language of §4209(b), the condition should be "sufficiently specific to serve as a guide to supervision and conduct."

The petitioner argues that the financial disclosure condition is "so vague" that the government could subject him to monthly audits involving "every scrap of paper" at a cost of $10,000 each. Dkt. No. 1-1, at 36. But the text of the condition, interpreted according to its ordinary meaning, requires nothing of the sort. An "audit" typically means an examination of an individual's or business's accounts to determine their accuracy. As ordinarily understood, the phrase "an audit" means a single audit, not monthly recurring audits. The petitioner is required to make his "individual and business financial records" available to facilitate the audit. That part of the condition, interpreted using the common meaning of "personal and business financial records," requires the petitioner to make available his or his business's documents that reflect earnings, income, expenses, investments, financial assets, financial accounts and similar information. The court finds these terms and phrases "sufficiently specific to serve as a guide to [the petitioner's] supervision and conduct[.]" §4209(b).

Accordingly, the court concludes that the financial disclosure condition is not unconstitutionally vague on its face. Consistent with §4209(b), the Probation Office should make an effort to explain to the petitioner what the petitioner is required to do to comply with the financial disclosure condition. If the petitioner has sincere questions regarding the scope of that condition,

15

including the audit and the information he must provide, Officer Savasta should consult with him about what is required of him in order to guide his conduct. §4209(b); <u>see also</u> <u>United States v. Loy</u>, 237 F.3d 251, 266 (3d Cir. 2001) ("in addition to the bare words of the probation condition, the probationer may be guided by further instructions of the probation officer . . . .") (internal quotation and citation omitted) (alterations omitted). The linguistic arguments advanced by the petitioner suggest that he and Officer Savasta have not yet discussed the scope of the condition. Because it does not appear from the petition that Officer Savasta has attempted to enforce this condition, the court does not consider whether the condition is or could be unconstitutional as actually applied to the petitioner.

The court further concludes that the condition is not overbroad. The Seventh Circuit has recognized that "limited reporting and financial restrictions" accompany freedom subject to parole, <u>Graham v. Broglin</u>, 922 F.2d 379, 381 (7th Cir.1991), and it has approved the enforcement of a similar financial condition as to a defendant who committed financial fraud. <u>United States v. Temple</u>, 464 F. App'x 541, 542-43 (7th Cir. 2012) (affirming revocation of supervised release because the defendant failed to comply with a condition requiring him to submit accurate monthly financial reports).

The petitioner recently reported to Officer Savasta that he would like to buy one or more residences in Florida, and that he was involved in making a movie out of a book that he authored. When Officer Savasta questioned the petitioner about these activities, including the source of funds that he would

16

use to buy the homes, he responded that he was not purchasing the homes personally, a company that he owns (Second Chance Publications) was purchasing them. Dkt. No. 14-3, at 41. He then refused to provide any information about how Second Chance Publications received the funds.

The court determines that the condition is reasonably related to the petitioner's criminal history (which includes a conviction for attempted income tax evasion), and the recent personal and business activities he reported to Officer Savasta. It is designed to identify the source of funds the petitioner plans to use in connection with his (or his company's) intention to buy homes in Florida—particularly to ensure that he came into those funds in a lawful manner—and to determine whether the petitioner and his company are engaging in legitimate business transactions. The information required by the condition is necessary to conduct the audit, and does not involve a greater deprivation of the petitioner's liberty than necessary.[4] Under these circumstances, the court finds that the financial disclosure condition is not overbroad.

The court concludes that the petitioner is not entitled to relief under §2241 with regard to the financial disclosure condition, because the Parole Commission had a rational basis to add that condition to the petitioner's parole

---

[4] The petitioner contends that the condition "violates the company's rights to privacy and the sanctity of its corporate business dealings." The court agrees with the Board that it does not. See United States v. Morton Salt Co., 338 U.S. 632, 652, 709 S. Ct. 357, 369 (1950) ("law enforcing agencies have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest.").

17

conditions, and that condition is not unconstitutionally vague on its face or overbroad.

      C.    <u>The Petitioner's Claim that the Four-Year Term of Probation Imposed Following His Conviction Has Expired and Is Unenforceable Is Not Ripe for Decision.</u>

Finally, the petitioner argues that the four-year term of probation imposed pursuant to his 1987 conviction in the Northern District of Illinois "is no longer enforceable and according to statutory construction, the Petitioner is entitled to a formal finding of discharge." Dkt. No. 1-1, at 37. The petitioner pleaded this claim tersely—in about 50 words, including the caption—so it is not apparent to the court why the petitioner has brought this claim or what relief he is seeking. He might be seeking, as the government suggests, an order preventing the government from taking future action to enforce a term of probation imposed in connection with petitioner's conviction on Count Five of the indictment in the Northern District of Illinois case. Dkt. 14, at 11. That leads to the question of whether this claim involves a dispute ripe for adjudication.

"Under Article III of the United States Constitution, there must be an actual dispute between parties with adverse legal interests for a court to hear a case or issue." <u>Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.</u>, 660 F.3d 988, 999 (7th Cir. 2011) (citing <u>Rock Energy Co–op. v. Vill. of Rockton</u>, 614 F.3d 745, 748 (7th Cir. 2010)). "Ripeness doctrine is based on the 'central perception that courts should not render decisions absent a genuine need to resolve a real dispute.'" <u>Lehn v. Holmes</u> 364 F.3d 862, 867

18

(7th Cir. 2004) (citing 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3532.1, at 114 (2d ed.1984)). "Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." Id. (quotation and citation omitted).

The government argues there is no live controversy related to this term of probation, because the neither the Parole Commission or any other government entity has sought to take any action with respect to enforcing it. Upon review of the petition and its attachment, the court agrees. The petitioner has not challenged any enforcement action related to the probation term, nor even argued that the government has attempted to take any such action. It appears only that the petitioner does not want enforcement to occur in the future. Because the petitioner has not been subject to any enforcement action related to the four-year probation term imposed in connection with his conviction in the Northern District of Illinois, this claim is not ripe for review. "If [the petitioner's] fears come to pass, [he] can return to court. If the fears do not come to pass, however, there is no legal injury, and an opinion today would be advisory." Amundson ex rel. Amundson v. Wis. Dept. of Health Servs., 721 F.3d 871, 874 (7th Cir. 2013).

The court concludes that the petitioner is not entitled to relief with regard to this term of probation, because the claim does not involve an actual dispute between the petitioner and the government.

19

## III. CONCLUSION

For the reasons explained above, the court **DENIES** the petitioner's §2241 petition, because the court concludes (a) that the Parole Commission did not violate the petitioner's rights by not setting his final release date or by modifying the conditions of his special parole to include a special condition of financial disclosure, and (b) because there is no actual case or controversy that is ripe for decision with regard to the four-year probation term imposed as a result of the petitioner's conviction in the Northern District of Illinois. Because the court has denied the §2241 petition, the court **DENIES** as moot the petitioner's renewed motion for discovery and for extension of time to file a reply to the government's response to his petition (Dkt. No. 21), and his motion for habeas relief instanter or to compel discovery from the government (Dkt. No. 22).

**ORDERED** at Milwaukee this 26th day of June, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge